Dear Ms. Quienalty:
We are in receipt of your request for an Attorney General's opinion regarding the mayoral vacancy election in the City of Lake Charles. Your request letter states that a special election has been called for March 14, 2000 to fill a vacancy in the office of Mayor due to the current mayor's election to the State Senate, and that the city has annexed some areas into the city limits since the last mayoral election in April, 1997. Your letter further states that some of these annexations have been precleared by the United States Department of Justice under Section 5 of the Voting Rights Act. You seek an opinion on the following questions:
 1. Is the special election to be held under the new city limit boundaries by way of annexation, which have been precleared by the Justice Department, or is the election to be conducted under the old city limit boundaries that were in effect at the time of the last mayoral election in 1997?
 2. One annexation ordinance is pending preclearance, so if preclearance is granted prior to the special election, shall the annexed area be included in the special election?
LSA-R.S. 18:532.1 allows the parish governing authority to change boundaries by way of an ordinance, and requires submission of the changes to the Secretary of State within 15 days. These changes are also subject to Section 5 of the Voting Rights Act of 1965,42 U.S.C. § 1973, and are therefore required to be administratively approved by the U.S. Department of Justice, or judicially approved through a declaratory judgment action in the U.S. District Court in the District of Columbia. No change may be enforced with respect to "[a]ny voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting different from that in force or effect" on November 1, 1964 until precleared. [See also, Atty.Gen.Op. Nos. 89-543, 84-465, 89-419].
With regard to your first question, it is our opinion that the special election is to be held under the new city limit boundaries by way of annexation, which have received approval under Section 5 of the Voting Rights Act.
With regard to your second question, R.S. 18:532.1(E) provides:
 A precinct shall not be changed, and no precinct shall be established or altered in any way as a result of annexation, alphabetical division by voter surname, or otherwise, during the period commencing on the date the qualifying period opens and ending on the date of the general election. (Emphasis added).
This section has been amended by Act 254 of 1999, but this particular section of the act is presently pending preclearance. The amendment, if precleared, will prohibit the implementation of an annexation during the period from when the qualifying period opens and the general election is held for an office.
However, because at this time the amendment to R.S. 18:532.1(E) is pending preclearance, it is our opinion that the old law is still in effect. Thus, a precinct which has been established or altered as a result of an annexation to the City of Lake Charles must receive preclearance prior to the time qualifying opens for the election, or it is prohibited from being used in the special election.
In sum, it is our opinion that that the upcoming special election to fill the vacancy in the office of Mayor for the City of Lake Charles is to be held under the new boundaries resulting from annexation, insofar as the annexations were made and precleared under the Voting Rights Act prior to the opening of qualifying on January 26, 2000.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL